# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LAMONTE A. EALY**,

    Plaintiff,

v.                                  Case No. 23-CV-1650

**GRACE BUSTLE,**

    Defendant.

## ORDER

On April 4, 2025, the court held a telephonic hearing on the defendant's motion to dismiss for plaintiff's failure to cooperate in discovery or in the alternative to compel plaintiff to sign an authorization to release medical records. (ECF No. 39.) Plaintiff Lamonte A. Ealy, who is incarcerated and representing himself, objected to providing both his medical and mental health records to the defendants from November 1, 2020, to the present. The defendant, Grace Bustle, explained she needed these records because Ealy alleges he suffered an eye injury and mental health issues after he was attacked by another prisoner.

During the conference the parties agreed that Ealy would sign the authorization form for the release of his medical and mental health records for the following time periods: the medical records will be limited to the time period from November 1, 2020, to June 1, 2021, and the mental health records will cover the time period from November 1, 2020, to the present.

The court also extended the case deadlines. The discovery deadline is now July 18, 2025, and the summary judgment deadline is now August 18, 2025.

Finally, Ealy moved the court to appoint him a lawyer. (ECF No. 42.) The court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)). In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of pro bono counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. *Watts v. Kidman*, No. 21-1055, 2022 WL 3038877, at *6 (7th Cir. Aug. 2, 2022).

Ealy demonstrated that he made a reasonable effort to hire an attorney on his own, satisfying the first prong. (ECF No. 42-1.) As for the second prong, Ealy states he needs a lawyer because he has been having issues with discovery in this case. However, the issues with discovery were resolved at the hearing, and Ealy demonstrated he is capable of navigating discovery.

Once discovery closes, it is possible that Bustle will file a motion for summary judgment. In such a motion a defendant moves the court to dismiss the case because it believes there are no genuine disputes of material fact and that the defendant is entitled to judgment as a matter of law. Should Bustle file a motion for summary judgment, Ealy does not need to be well-versed in the law to respond to the motion, nor does he need to contact experts to respond to a summary judgment motion. Summary judgment rises or falls on whether or not a genuine dispute of material fact exists. Ealy clearly knows the facts concerning his case. The court is familiar with the law and does not need Ealy to explain the legal basis of his claim. Instead, the court needs Ealy to tell it which facts asserted by the defendant, if any, are in dispute and the basis for Ealy's contention that those facts are in dispute. Because the court believes Ealy is able to litigate his case, his motion is denied.

**IT IS THEREFORE ORDERED** that Bustle's motion to dismiss for plaintiff's failure to cooperate in discovery or in the alternative motion to compel plaintiff to sign authorization to release medical records (ECF No. 39) is **GRANTED in part and DENIED in part**. The motion to dismiss is **DENIED**. The motion to compel is **GRANTED**. Ealy will sign the authorization for the release of medical records for the time frame from November 1, 2020, to June 1, 2021, and for the release of mental health records from November 1, 2020 to the present.

**IT IS FURTHER ORDERED** that the discovery deadline is now **July 18, 2025**, and the summary judgment deadline is now **August 18, 2025**.

**IT IS FURTHER OREDERED** that Ealy's motion to appoint counsel (ECF No. 42) is **DENIED without prejudice**.

Dated in Milwaukee, Wisconsin this 7th day of April, 2025.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge